KATHERINE O'MALLEY, Appellant, v. MISERICORDIA HOSPITAL, Respondent.— Action for personal injuries. The jury rendered a verdict in favor of plaintiff for $6,500. The court set aside the verdict and dismissed the complaint. Judgment unanimously affirmed, with costs. No opinion. Present — Martin, P. J., McAvoy, Untermyer, Dore and Cohn, JJ.

KATE SCIALLIS, Respondent, v. 34–36 OAK STREET CORPORATION and ROSINA MARINO, Appellants, Impleaded with Others.—Appeal from order granting plaintiff's motion for summary judgment in an action brought to foreclose a mortgage. Order unanimously affirmed, with twenty dollars costs and disbursements. No opinion. Present — Martin, P. J., McAvoy, Untermyer, Dore and Cohn, JJ.

JACOB DAMES and HYMAN DAMES, Copartners, etc., Plaintiffs, v. PARK LIN HOMES, INC., Defendant-Respondent; FRANK BERMAN Co., INC., and Others, Defendants. W. A. CASE & SON MFG. Co., Plaintiff-Respondent, v. CITY OF NEW YORK, Defendant-Respondent; JACOB DAMES and HYMAN DAMES, Copartners, etc., and Others, Defendants. (Consolidated Action.) MORRIS and SAMUEL MEYERS, Claimants-Appellants.— Plaintiffs Dames had three city contracts which they could not finance. An agreement was made with three of their creditors, who were designated as a committee of creditors, which provided that plaintiffs would assign to Park Lin Homes, Inc., all the moneys due under the contracts, and the creditors were to pay therefrom to the materialmen and laborers the moneys due them and turn the balance back to the plaintiffs. Plaintiffs made the assignments ro Park Lin Homes, Inc., the work was completed, and $10,260 became payable by the city under the contracts. In July, 1931, before any money was paid by the city, plaintiffs Dames brought an action against Park Lin Homes, Inc., and others, to set aside the agreement on the ground of fraud. While said action was pending, W. A. Case & Son Mfg. Co., brought an action to foreclose a mechanic's lien, and the two actions were consolidated. On the trial, the complaint of Dames was dismissed in so far as it asked for cancellation of the agreement on account of fraud, but the remainder of the prayer for relief was granted, and the judgment directed that the city hold the money as a trust fund, all persons having claims to be brought in and assert their claims. A reference was ordered to hear and report as to the various claims to the fund. The referee disallowed appellant's claim in the sum of $2,500 for legal services rendered to Jacob Dames and the Calbrook Company, and allowed Morris Bloomgarden $2,000 for legal services as attorneys for Park Lin Homes, Inc., the creditors' committee herein. Morris and Samuel Meyers appealed from the order confirming the report of the referee, and from that part of the judgment entered thereon which disallowed their claim and allowed the claim of Morris Bloomgarden. Order, and judgment so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Martin, P. J., McAvoy, Untermyer, Dore and Cohn, JJ.